**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5886-17T2

THERESA C. GRABOWSKI,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

ANNETTE ARNOLD, a/k/a
ANNETTE DENNERY, her Estate,
Beneficiaries, and/or Successors in
Interest, BERNADETTE MAURICE,
a/k/a BERNADETTE DENNIS, and
ANN MARIE McCORMICK,

      Defendants-Respondents,

and

EDWARD J. MAURICE,

      Defendant-Respondent/
      Cross-Appellant.

_____

Argued January 9, 2020 – Decided June 16, 2020

Before Judges Nugent and DeAlmeida.

On appeal from the Superior Court of New Jersey,

Law Division, Camden County, Docket No. L-4603-15.

Andrew Todd Cupit argued the cause for appellant/cross-respondent.

Matthew R. Litt argued the cause for respondent/cross-appellant (Posternock Apell PC, attorneys; Matthew R. Litt, on the briefs).

Frank Guaracini, III argued the cause for respondent Ann Marie McCormick (Blaney & Karavan, PC, attorneys; Frank Guaracini, III, of counsel and on the brief).

PER CURIAM

Plaintiff, Theresa C. Grabowski, is a New Jersey attorney. Years after representing a client whose stepmother had guaranteed payment of plaintiff's fees, plaintiff filed a fraud action against, among others, two of the stepmother-guarantor's other adult children, to whom the mother had transferred her interest in a house in a seaside community. The trial court dismissed the amended complaint as to one of the transferees for failure to state a claim upon which relief could be granted and dismissed the amended complaint as to the other on summary judgment. Plaintiff appeals from those orders, as well as another order denying her various requests for relief, including recusal of the trial judge. One of the defendant-transferees cross-appeals from the denial of his motion seeking

frivolous pleading sanctions for plaintiff's motion to reinstate the complaint against him.

Because plaintiff's amended complaint did not state a cognizable cause of action against the transferees of the seaside property, and because plaintiff failed to present evidence on the summary judgment record from which a factfinder could have inferred that either transferee was responsible under any liability theory for plaintiff's fee, we affirm. We find no merit in plaintiff's challenge to the order denying her other relief. On the cross-appeal, because the trial court's findings of fact and conclusions of law are inadequate, we remand for further consideration.

## I.

Plaintiff commenced this action by filing a complaint in December 2015, seeking to recover legal fees for services rendered to defendant Bernadette Maurice in 2008. The complaint named her and her stepmother, defendant Annette Arnold, who guaranteed payment of her fees. Arnold died in February 2016. Two months later, on April 20, 2016, plaintiff filed an amended complaint, which named all four defendants.

Plaintiff's amended complaint begins with a section that contains the following factual assertions. Plaintiff provided legal services to defendant

3

Bernadette Maurice (the "client") during 2008. Plaintiff represented the client based on the client's stepmother ("Arnold" or "mother") guaranteeing verbally and in writing that she would pay plaintiff's fees. According to the amended complaint, the mother once "even pledged that plaintiff would be paid from the proceeds of the sale of a home that she had an ownership interest in at the shore—only to later advise plaintiff that she had transferred that interest to her brother for no consideration. At that time, [the mother] again renewed her promise to pay plaintiff."

In August 2009, plaintiff sent to the client and her mother letters stating there was a past due balance of $10,518.01, she intended to file a lawsuit, but the client and mother had the option to arbitrate the fee dispute if they so elected. In response, the mother telephoned plaintiff, acknowledged receiving the fee arbitration notice, "and reiterated her prior multiple promises to pay plaintiff's bills for legal services rendered" on the client's behalf. The mother made additional payments through December 2009. More than five years later, in September 2014, plaintiff made another written demand for payment of her outstanding bill.

More than a year after sending this second demand, plaintiff filed her initial December 2015 complaint against the client and her mother. The mother

4

died two months later, and two months after her death plaintiff filed the amended complaint.

The amended complaint contains six "counts." The first four counts allege causes of action for breach of contract, common law fraud, unjust enrichment, and an account stated. The fifth count alleges a cause of action for fraudulent conveyance. The sixth count is a claim for punitive damages.

Plaintiff represented the client in 2008, as previously noted. The amended complaint's fifth count alleges that on July 7, 2008, the mother owned a fifty percent interest in real estate in Avalon. That same day, she represented to plaintiff that her brother owned the other fifty percent interest in the property, the property had a fair market value of almost $800,000, and the property was listed for sale. The mother further represented "that the proceeds of the aforesaid sale would be used to satisfy any and all obligations due to plaintiff as a result of the services provided by plaintiff[.]"

The fifth count additionally alleges that on or about January 28, 2010, the mother transferred for one dollar her fifty percent interest in the Avalon property to two of her other children, defendants Ann Marie McCormick and Edward J. Maurice. More than two years later, on May 30, 2012, the Avalon property was

sold to a third party for $550,000, resulting in gross proceeds of $137,500 each to defendants McCormick and Maurice.

Plaintiff also asserts in the amended complaint's fifth count that by excluding the client when she transferred her interest in the Avalon property, the mother evidenced her intent "to have such property not be used to satisfy the obligations to plaintiff, despite the specific representations of [the mother] to the contrary." The fifth count asserts the Avalon property's transfer was made for nominal consideration rather than fair market value and was intended to defraud the mother's creditors, particularly plaintiff. The count further asserts the Avalon property's transfer resulted in the unjust enrichment of defendants McCormick and Maurice, who were both active participants and complicit in the fraud perpetrated by their mother.

Plaintiff did not allege that when the mother transferred her interest in the Avalon property, she was insolvent or became insolvent as a result of the transfer. Rather, plaintiff asserted that when the mother sold the property, she represented she "still could and would pay all amounts due plaintiff." The amended complaint does not refer to the Uniform Fraudulent Transfer Act ("UFTA"), N.J.S.A. 25:2-20 to -34.

Following the filing of the amended complaint, the parties filed a series of motions. First, defendant Edward Maurice filed a motion pursuant to <u>Rule 4:6-2(e)</u> to dismiss the amended complaint for failure to state a claim upon which relief can be granted. Although plaintiff had not referenced the UFTA in her complaint, Maurice based his motion on the UFTA's statute of limitation and the amended complaint's failure to plead with specificity the elements of fraud.

Plaintiff filed a cross-motion to suppress defendant Edward Maurice's responsive pleading, enter a default against him, and compel him to deposit the proceeds he received from the sale of the Avalon property into court pending resolution of the litigation. In her brief opposing the motion to dismiss, plaintiff asserted Maurice was "properly a party to this action due to his status as an heir of Arnold, in addition to the direct causes of action against him." She insisted Maurice was "properly a defendant with regard to the contract cause of action due to his being a beneficiary of defendant Arnold, and the fact that plaintiff has a claim to any proceeds of the [E]state of Arnold that is superior to that of Movant."

In her opposing brief, plaintiff insisted she had set forth sufficient "badges of fraud" to satisfy the specific pleading requirements concerning actions alleging fraud. Plaintiff repeated, "the Movant is required to be named as a

defendant regarding Arnold's fraud due to his status as an heir, and plaintiff's claims having priority against the [E]state of Arnold over any claim of the Movant." Plaintiff added, "[m]ovant would also have this [c]ourt ignore the issue that he could be found to have been an active participant in converting the asset so as to be out of reach of creditors such as plaintiff, and that his motivation could be found to be because of his clear disdain for [the client]."

Significantly, plaintiff insisted the UFTA did not apply and she had "established common law causes of action for fraud, fraudulent conveyance, et cetera[.]" She contended defendant Maurice "seeks to distract attention from such causes of action by reference to N.J.S.A. 25:2-20, et seq." Plaintiff emphasized: "As also noted in paragraph [eighty-two] of the Amended Complaint, Arnold advised plaintiff that Arnold still had sufficient assets to pay plaintiff, and Arnold continued to pay plaintiff. Accordingly, N.J.S.A. 25:2-20, et seq., does not apply, because the transfer did not render Arnold insolvent at the time the transfer occurred." Plaintiff concluded that "[i]n view of the lack of applicability of N.J.S.A. 25:2-20 et seq., the provisions of N.J.S.A. 2A:14-1 apply.[1] Notably, N.J.S.A. 2A:14-1 does not note an exclusion to the [six-] year

---

[1] N.J.S.A. 2A:14-1 establishes a six-year statute of limitations for, among other actions, "any tortious injury to real or personal property" and for "recovery upon a contractual claim."

time period set forth therein regarding N.J.S.A. 25:2-20, although N.J.S.A. 2A:14-1 does mention N.J.S.A. 12A:2-725 (which is inapplicable to this matter)."

The court granted defendant Edward Maurice's motion. The court denied plaintiff's cross-motion.

Next, plaintiff filed a motion seeking, among other things, to have defendant McCormick appointed administratrix of her mother's estate and to have the court recuse itself for having demonstrated bias against plaintiff's attorney. The court denied the motion.

Upon the close of discovery, plaintiff filed a motion seeking to have the court vacate the order dismissing the complaint as to defendant Edward Maurice. Plaintiff refused to dismiss the motion after Maurice demanded she do so to avoid frivolous pleading sanctions. The court denied the motion. The court later denied defendant Maurice's motion for sanctions.

In addition to the facts previously recounted concerning plaintiff's rendering of services to the client, the mother's guarantee, and the mother's transfer of the Avalon property, the summary judgment motion record included the following. Defendants McCormick and Maurice certified they did not know plaintiff, did not know plaintiff had rendered services to the client, and did not

9

know the mother had guaranteed payment for those services. McCormick testified at her deposition—the transcript was submitted on the motion record—the Avalon property, a single-family residence, originally belonged to her grandmother, who passed it down to McCormick's mother, defendant Arnold, and defendant Arnold's brother. They were to continue to pass it down to the grandmother's heirs, but defendant Arnold's brother wanted to sell it, and a lawsuit ensued.

McCormick further explained that her mother did not want to be involved in the litigation, so she transferred her interest in the Avalon property to defendants McCormick and Maurice, both descendants of the grandmother. Plaintiff's client was not the grandmother's descendent, which was the reason the mother, defendant Arnold, did not transfer a partial interest to plaintiff's client. Defendants McCormick and Maurice had a stepbrother, but their mother would not transfer any property to him due to his drug and alcohol addiction.

McCormick also testified that her mother, defendant Arnold, did not live in the Avalon residence. She lived in Lancaster County, Pennsylvania, with her boyfriend. When she died, her mother co-owned real estate in Cecil County, Maryland, with her boyfriend. She also owned personal property, including a car, clothing, and jewelry.

A-5886-17T2

II.

On appeal, plaintiff argues the trial court erred by dismissing her fraud claims, by dismissing her UFTA claims as untimely while imposing a constructive notice requirement upon her, and by granting summary judgment despite the existence of genuinely disputed material facts. She also contends the trial court demonstrated bias against her or her attorney, and therefore should have recused itself; and further erred by refusing to appoint an administrator ad prosequendum for the mother's estate.

Before addressing plaintiff's argument, we are constrained to point out some fundamental precepts concerning appeals. Our rules require that an appellant identify and fully brief any issue raised on appeal. R. 2:6-2(a). Parties to an appeal are required to make a proper legal argument, "[s]upporting [their] legal argument with appropriate record reference. . . . [And] provid[ing] the law." State v. Hild, 148 N.J. Super. 294, 296 (App. Div. 1977); see also Sackman v. N.J. Mfrs. Ins. Co., 445 N.J. Super. 278, 297-98 (App. Div. 2016). It is not the appellate court's duty to search the record to substantiate plaintiff's argument. See 700 Highway 33 LLC v. Pollio, 421 N.J. Super. 231, 238 (App. Div. 2011). An argument based on conclusory statements is insufficient to

warrant appellate review. <u>Nextel of N.Y., Inc. v. Bd. of Adjustment</u>, 361 N.J. Super. 22, 45 (App. Div. 2003).

Here, the arguments in plaintiff's brief are in many instances based upon conclusory assertions with general citations to cases rather than "a pinpoint citation, often called a 'pincite[,]'" to the language in a case or "to the specific pages that relate to the cited proposition[.]" <u>The Blueblook: A Uniform System of Citation</u> B 10.1.2, at 12 (Colum. L. Rev. Ass'n et al eds., 20th ed. 2015). It is thus difficult to discern whether a case supports the proposition for which plaintiff cites it, and in some instances a cited case does not support the proposition for which it is cited. Notwithstanding these difficulties, we turn to plaintiff's argument that the trial court erred by dismissing the complaint against defendant Edward Maurice.

We need not address the counts of the amended complaint alleging breach of contract, fraud by the mother, account stated, and unjust enrichment, because plaintiff has not challenged their dismissal on this appeal. Concerning count five, fraudulent conveyance, defendant Maurice moved to dismiss the count essentially for two reasons: it did not state a cause of action under the UFTA, and it was barred by the UFTA's statute of limitations. Apparently ignoring plaintiff's argument in her brief that the UFTA did not apply, the trial court

12

granted the motion based on the UFTA's statute of limitations. In doing so, the court applied a standard of review that was inapplicable in light of amendments to the UFTA, of which the trial court was apparently unaware.

Notwithstanding these anomalies, we conclude the trial court reached the correct result. "[I]t is well-settled that appeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion." Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001).

Rule 4:6-2 states in relevant part: "[T]he following defenses . . . may at the option of the pleader be made by motion, with briefs: . . . (e) failure to state a claim upon which relief can be granted." Rule 4:6-2 also states: "If, on a motion to dismiss based on the defense numbered (e), matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by R[ule] 4:46, and all parties shall be given . . . reasonable opportunity to present all material pertinent to such a motion."

A motion to dismiss a complaint under Rule 4:6-2(e) "must be based on the pleadings themselves." Roa v. Roa, 200 N.J. 555, 562 (2010). For purposes of the motion, the "complaint" includes the "exhibits attached to the complaint,

matters of public record, and documents that form the basis of a claim."  Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005) (quoting Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004)).

Motions to dismiss under Rule 4:6-2(e) "should be granted only in rare instances and ordinarily without prejudice."  Smith v. SBC Commc'ns, Inc., 178 N.J. 265, 282 (2004).   This standard "is a generous one."  Green v. Morgan Props., 215 N.J. 431, 451 (2013).

> [A] reviewing court "searches the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary."  At this preliminary stage of the litigation the Court is not concerned with the ability of plaintiffs to prove the allegation contained in the complaint. For purposes of analysis plaintiffs are entitled to every reasonable inference of fact. The examination of a complaint's allegations of fact required by the aforestated principles should be one that is at once painstaking and undertaken with a generous and hospitable approach.
>
> [Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (citations omitted).]

Nonetheless, a court must dismiss a complaint if it fails "to articulate a legal basis entitling plaintiff to relief."  Sickles v. Cabot Corp., 379 N.J. Super. 100, 106 (App. Div. 2005).   "A pleading should be dismissed if it states no basis

for relief and discovery would not provide one." Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 113 (App. Div. 2011).

Concerning plaintiff's claims of fraud against defendant Edward Maurice, the amended complaint did not state a direct cause of action. Rule 4:5-8(a) requires a plaintiff asserting an allegation of fraud to plead "particulars of the wrong, with dates and items if necessary, . . . insofar as practicable." To prove common-law fraud, a plaintiff must prove a defendant made a material misrepresentation of a presently existing or past fact, knowing or believing the fact to be false, with the intent that the plaintiff rely on it; and, that the plaintiff reasonably relied on the misrepresentation, resulting in damages. Banco Popular, 184 N.J. at 172-73; Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997). The amended complaint does not contain any such facts or allegations against defendant Maurice.

Before the trial court, plaintiff argued Maurice was "required to be named as a defendant regarding [the mother's] fraud due to his status as an heir, and plaintiff's claims having priority against the estate of [the mother] over any claims of [defendant Edward Maurice]." She provided no analysis for that conclusory assertion, nor did she cite any precedent to support it. Now, on appeal, plaintiff asserts that because Maurice is not a bona fide purchaser for

15

value of his interest in the Avalon property, the profit he made is subject to plaintiff's claims "against said property that flow through defendant [mother] and result from her fraud." Plaintiff also asserts that "equity and justice require the reinstatement of the case against defendant as recipients of a windfall due to said fraud." These conclusory assertions do not alter the amended complaint's deficiency in asserting either a direct claim against defendant Maurice or a legally sufficient claim that he is somehow vicariously liable for the fraud his mother allegedly perpetrated nearly three years before she transferred the property and nearly seven years before she died. In short, though the trial court's rationale for dismissing the complaint against Maurice was incorrect, the result was correct. Accordingly, we affirm the decision.

In contrast to her argument to the trial court that the UFTA does not apply, plaintiff now appears to argue her amended complaint states a cause of action under the UFTA. Although not entirely clear, she appears to argue that her complaint states a cause of action under N.J.S.A. 25:2-27, which deems a transfer of property fraudulent as to an existing creditor at the time of the transfer "if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or

16

obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation."

This argument fails, because plaintiff argues that an inference the mother was insolvent derives from certain bank record balances plaintiff obtained by issuing a subpoena to the bank. Even if the records demonstrated the mother was insolvent, which they did not, the records were not submitted to the trial court in opposition to defendant Maurice's motion to dismiss. Because they were not part of the motion record before the trial court, we will not consider them on this appeal.

### III.

Plaintiff next contends the trial court erred by granting summary judgment to defendant McCormick. Appellate courts "review[] an order granting summary judgment in accordance with the same standard as the motion judge." Bhagat v. Bhagat, 217 N.J. 22, 38 (2014) (citations omitted). Our function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)); accord R. 4:46-2(c). A trial court's determination that a party is entitled to summary judgment as a matter of law is

A-5886-17T2

not entitled to any "special deference," and is subject to de novo review. Cypress Point Condo. Ass'n v. Adria Towers, L.L.C., 226 N.J. 403, 415 (2016) (citation omitted). "Only 'when the evidence "is so one-sided that one party must prevail as a matter of law"' should a court enter summary judgment." Petro-Lubricant Testing Labs., Inc. v. Adelman, 233 N.J. 236, 257 (2018) (quoting Brill, 142 N.J. at 540).

In opposition to defendant McCormick's summary judgment motion, plaintiff argued neither that McCormick perpetrated a fraud nor that she was vicariously liable for the fraud allegedly perpetrated by her mother. Rather, she relied exclusively on the UFTA, argued the transfer of the Avalon property was for inadequate consideration, and further argued the bank records she subpoenaed demonstrated she had inadequate funds to satisfy her debt.[2]

The bank records do not demonstrate the mother was insolvent. The bank records demonstrate a flow of revenue, including social security payments, and an outflow of payments. Although the account balance at any given point was not an irrelevant consideration, plaintiff offered nothing to refute McCormick's

---

[2] The index to plaintiff's appendix does not list the bank statement as a document she provided in opposition to the summary judgment motion. Rather, she lists the bank statement as a document she provided in support of her motion to vacate the dismissal order as to defendant Edward Maurice.

deposition testimony that her mother co-owed with her boyfriend property in Maryland and possessed personal property, including a car and jewelry. In short, plaintiff offered no competent evidence from which a factfinder could have inferred either that the mother was insolvent when she transferred her interest in the Avalon property or that the transfer rendered her insolvent. Consequently, plaintiff's opposition was inadequate to create a genuinely disputed issue of material fact concerning the section of the UFTA she relied upon in opposing McCormick's summary judgment motion. Plaintiff's remaining arguments concerning the summary judgment motion are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

IV.

Plaintiff next argues the trial court erred by failing to recuse itself and by failing to appoint an administrator ad prosequendum for the mother's estate. The trial court's curt exchanges with plaintiff's counsel during oral argument, lack of any attempt to properly frame or narrow the issues, and misapplication of the appropriate standard of review may have given plaintiff's counsel the impression of bias. We cannot so conclude, however, based on the record before us. More important, our plenary review leads us to conclude as a matter of law that defendant Maurice's motion to dismiss for failure to state a cause of action and

defendant McCormick's summary judgment motion were properly granted. Both were meritorious. Plaintiff's remaining arguments on this point are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

V.

Defendant Edward Maurice cross-appeals from the trial court's dismissal of his claim for frivolous pleading sanctions. He contends plaintiff's motion to reinstate the complaint against him was frivolous. Plaintiff's counsel filed the motion under Rule 4:50 and asserted newly discovered evidence required the reinstatement of the complaint as to Edward Maurice. It appears from the pleadings plaintiff's counsel filed the motion based primarily on defendant McCormick's deposition testimony. Plaintiff's counsel perceived that when the trial court dismissed the complaint against defendant Edward Maurice, it did so because it accepted as a fact that the mother transferred the Avalon property as part of her estate planning. Plaintiff's counsel construed McCormick's deposition testimony as affirming the transfer did not take place as a result of estate planning.

The trial court denied the motion. In doing so, the court determined plaintiff's counsel's characterization of McCormick's deposition testimony was inaccurate. The court found that counsel's representation of what McCormick

20

A-5886-17T2

said was not "even close" to her actual testimony. Based on this mischaracterization, as well as what the court considered instances of such conduct in the past, the court concluded plaintiff's counsel believed as an attorney he was "charged with the responsibility to take people's words, and not just nuance them, but twist them and contort them to a point that only in the most strained interpretation of what they said, could it stand for a proposition that would be favorable to your argument, yet you . . . will push them that far." However, though apparently concluding the factual allegations asserted by plaintiff's counsel had no evidentiary support, see Rule 1:4-8(a)(3), the court denied the motion. Addressing plaintiff's counsel, the court commented it did not know whether counsel's conduct in construing facts as he did was "a methodology." The court further commented it thought counsel truly believed such tactics were "an appropriate way to argue." The court concluded: "And because of that, only because of that, [I am] not going to impose a sanction."

The court gave little or no consideration to the factors enumerated in Rule 1:4-8(a), particularly 1:4-8(a)(3) that "factual allegations have evidentiary support or, as to specifically identified allegations, they are either likely to have an evidentiary support or they will be withdrawn or corrected if reasonable opportunity for further investigation or discovery indicates insufficient

21

evidentiary support[.]" The court provided no analysis of how plaintiff's counsel's mischaracterization of defendant McCormick's testimony squared with the factors enumerated in Rule 1:4-8(a).

Trial courts considering a motion for frivolous pleading sanctions under Rule 1:4-8(a) are required to make findings of fact and conclusions of law in the record. Rule 1:7-4(a); Alpert, Goldberg, Butler, Norton & Weiss v. Quinn, 410 N.J. Super. 510, 544 (App. Div. 2009). Here, if the trial court's decision from the bench is considered to have included findings of fact and conclusions of law, such findings and conclusions are wholly inadequate. For that reason, we vacate the order denying defendant Maurice's motion for sanctions and remand this matter for further consideration of that motion under the proper standard of review.

Our opinion should not be construed as indicating in any way whether the award of frivolous pleading sanctions is appropriate or not. That decision is left to the discretion of the trial court. The trial court's decision, however, must include adequate factual findings and legal conclusions.

Affirmed in part, vacated in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5886-17T2